HENRY N. AND MARILYN HULTER, ET AL.,[1] PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 3969–81, 23116–81,     Filed October 31, 1984.
22544–82, 20873–83.

*Shlomo A. Beilis* and *James J. Mahon*, for the petitioners.
*Pamela V. Gibson*, for the respondent.

## OPINION

SWIFT, *Judge*: This matter is before the Court on petitioners' motion in limine, filed on August 7, 1984, requesting a ruling on the admissibility of an expert witness' testimony and written report. The motion was filed because respondent informally indicated to petitioners that respondent would object to the admissibility of this material at trial. Respondent filed a notice of objection on August 28, 1984, and on September 12, 1984, petitioners submitted a reply memorandum in support of their motion. Trial of this case is scheduled to begin on November 26, 1984.

Resolution of this motion involves an interpretation of rule 408, Federal Rules of Evidence.[2] Respondent contends that the

---

[1] Cases of the following petitioners are consolidated herewith: Henry N. and Marilyn Hulter, docket No. 23116–81; Murray Israel, docket No. 22544–82; Julian Tenner and Hanna Tenner, docket No. 20873–83.

[2] Unless otherwise indicated, all rule references will refer to the Federal Rules of Evidence. Rule 408, Compromise and Offers to Compromise, provides as follows:

"Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations.

aforementioned rule requires the exclusion of the expert witness' testimony and report as evidence at trial because such material was submitted to respondent in the context of, and to assist in, pending settlement negotiations. Rule 143(a), Tax Court Rules of Practice and Procedure, expressly provides that the "rules of evidence generally applicable in the Federal courts" are controlling in this Court.[3]

The report in question was prepared at petitioners' request by Steven Hochberg, a real estate expert and appraiser, in December of 1982 and January of 1983, and was submitted shortly thereafter to both parties. Petitioners paid Mr. Hochberg's fee. The report pertained to the valuation and ownership of 13 parcels of real estate located in Durham, NC. Those parcels were associated with Tudor Associates, Ltd. II, one of a number of real estate limited partnerships organized and promoted by George Osserman and Paul Garfinkle. It was anticipated that the testimony and report of Mr. Hochberg would assist in negotiating a settlement of this matter. Settlement negotiations broke down, however, sometime after the report was completed, and petitioners now anticipate introducing the report, together with the testimony of Mr. Hochberg, into evidence at trial.

Respondent relies primarily on the second sentence of rule 408. That sentence provides "Evidence of conduct or statements made in compromise negotiations is likewise not admissible." Since the report of Mr. Hochberg was prepared during, and submitted to respondent in the course of, settlement negotiations, respondent argues that it constitutes "statements made in compromise negotiations" and therefore is not admissible under rule 408. For the reasons explained below,

---

This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."

[3]Rule 143, Evidence, Tax Court Rules of Practice and Procedure, provides in pertinent part as follows:

"(a) General: Trials before the Court will be conducted in accordance with the rules of evidence applicable in trials without a jury in the United States District Court for the District of Columbia. See Code Section 7453. To the extent applicable to such trials, those rules include the rules of evidence in the Federal Rules of Civil Procedure and any rules of evidence generally applicable in the Federal courts (including the United States District Court for the District of Columbia). Evidence which is relevant only to the issue of a party's entitlement to reasonable litigation costs shall not be introduced during the trial of the case. As to claims for reasonable litigation costs, see Rules 231 and 232."

we conclude that respondent's argument misconstrues the purpose of rule 408 and the circumstances in which that rule will operate to preclude the admissibility of material submitted in settlement negotiations.

Although our research has not located a case directly on point, the rationale underlying the common law rule that gave rise to rule 408 is clear. That rationale is stated in McCormick on Evidence, sec. 274 (E. Cleary 2d ed. 1972), as follows: "The exclusionary rule is designed to exclude the offer of compromise only when it is tendered *as an admission* of the weakness of the offering party's claim or defense, *not when the purpose is otherwise.*" (Emphasis added.)

The legislative history of rule 408 indicates that the purpose thereof is to encourage settlements. See S. Rept. 93–1277, to accompany H.R. 5463 (Pub. L. 93–595) (1974). The underlying fear is that, without the rule, settlement negotiations would be inhibited if the parties knew that statements made in the course of settlement might later be used against them as admissions of liability. *Central Soya Co. v. Epstein Fisheries, Inc.*, 676 F.2d 939, 944 (7th Cir. 1982). As stated in S. Salzberg & K. Redden, Federal Rules of Evidence Manual 191 (3d ed. 1982): "The philosophy of the Rule is to allow the parties to drop their guard and to talk freely and loosely without fear that a concession made to advance negotiations will be used [against them] at trial." Therefore, the evil which the rule seeks to avoid is that the one party will use material *against* the party who submitted the material for settlement purposes, and the rule should not be interpreted to prevent the same party who submitted the material in the course of settlement discussions from using the material later at trial.

The third sentence of rule 408 is intended to insure that relevant evidence is not immunized from use at trial *merely* because the information was used in pretrial settlement negotiations. See S. Rept. 93–1277, *supra* at 10. That sentence provides "This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations."

The harmony between the second and third sentences of rule 408 is found in the explanation that material which exists only because of settlement negotiations will not be admissible against the party who submitted the material (under the

second sentence), but material which exists independently of the settlement negotiations will still be discoverable and admissible at trial, even though it was disclosed in the settlement negotiations (under the third sentence). In the latter case, the material will be admissible against the party who submitted it in the settlement negotiations.

Respondent relies on *Ramada Development Co. v. Rauch*, 644 F.2d 1097 (5th Cir. 1981), in support of his position. In that case, the court held that a report which was prepared by an architect employed by plaintiff Ramada Development Co. (Ramada) was not admissible into evidence by the defendant (Rauch). The report had been prepared for the purpose of serving as a "basis of settlement negotiations regarding the alleged defects in the motel." *Ramada Development Co. v. Rauch, supra* at 1107. It would appear that the basis for the decision was that rule 408 precludes the admissibility of evidence offered by a party as an admission against the party who had obtained the evidence in the course of, and for the purpose of, settlement negotiations. The facts of *Ramada Development Co. v. Rauch, supra*, are distinguishable from the situation herein. As we have previously explained, petitioners herein are seeking to introduce a report of an expert witness whom they employed.

We do not believe that a party should be barred from using his own expert witness' testimony and expert witness' report at trial merely because such evidence was used in the settlement negotiations. Such an interpretation would be contrary to the rationale of rule 408, which is to encourage the free exchange of information during settlement negotiations. If respondent's interpretation of the rule were correct, parties would be reluctant to utilize their own expert witnesses' reports during settlement negotiations for fear that the reports could not later be used by them at trial, thereby rendering their investment in such reports useless for anything other than the settlement negotiations. We do not believe that such a result was contemplated under rule 408.

For the reasons explained above, petitioners' motion will be granted in that the testimony and report of Mr. Hochberg will not be ruled inadmissible by reason of rule 408. Our opinion herein pertains only to objections made under rule 408. Any other objections to the admissibility of Mr. Hochberg's testimo-

ny and report will be determined on the merits, if and when objections are made.

*An appropriate order will be issued.*